FILED
CLERK
9:56 am, Sep 27, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH GRAFTON, MICHAEL BLAYLOCK,
and BILAL HASSAN,

                                   Plaintiffs,

    -against-

ASSISTANT DEPUTY UNDERSHERIFF HESSE,
Chief Administrative Officer, et al.

                                   Defendants.
-----------------------------------------------------------------X

**ORDER**
15-CV-4790 (SJF)(GRB)

FEUERSTEIN, District Judge:

Pending before the Court are the objections of Kenneth Grafton ("Grafton") to the Report and Recommendation of the Honorable Gary R. Brown, United States Magistrate Judge, dated August 25, 2017 ("the Report"): (1) recommending, (a) that the branch of defendants' motion seeking dismissal of plaintiffs' claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies be granted, and (b) that Grafton's letter motion for a declaratory judgment and injunctive relief be denied; (2) advising, *inter alia*, (a) that "[a]ny written objections to the Report . . . must be filed with the Clerk of the Court within fourteen (14) days of service of th[e] [R]eport[,]" (Report at 20) (citing 28 U.S.C. § 636(b)(1)(c) and Rules 6(a) and 72(b) of the Federal Rules of Civil Procedure), (b) that "[a]ny requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections[,]" (*id.*), and (c) that a "[f]ailure to file objections within fourteen (14) days will preclude further review of th[e]

1

[R]eport . . . either by the District Court of [sic] Court of Appeals[,]" (*id.*) (emphasis omitted) (citing *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) and *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008)); and (3) directing defendants to serve a copy of the Report upon plaintiffs by overnight mail and first-class mail to their last known address and to file proof of such service on ECF. The affidavit of service filed by defendants in accordance with the Report indicates that a copy of the Report was served upon plaintiffs via regular mail and USPS Express Mail to their address of record on August 28, 2017. (*See* Docket Entry ["DE"] 46). Only Grafton has filed objections to the Report; plaintiffs Michael Blaylock ("Blaylock") and Bilal Hassan ("Hassan") have neither filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein, Magistrate Judge Brown's Report is accepted in its entirety.

I. DISCUSSION

    A.    Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas,* 474 U.S. at 150, 106 S. Ct. 466. Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive

matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor*, 517 F.3d at 604.

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

Moreover, objections to a magistrate judge's report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Trivedi v. N.Y.S. Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) (quotations and citation omitted); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that objections "devoid of any reference to specific findings or recommendations to which [the party] objected and why," was not "specific enough to preserve th[e] claim for [further judicial] review."); *Benitez v. Parmer*, 654 F. App'x 502, 503-04 (2d Cir. June 30, 2016) (summary order) (finding that a general objection that did not identify any portion of the report

3

and recommendation to which there was a specific objection "was insufficient to obtain *de novo* review by the district court," and was inadequate to preserve the claim for appellate review). General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review . . . [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); *see also Moore v. Newton*, 220 F. Supp. 3d 275, 283-84 (E.D.N.Y. 2016) ("The clear error standard . . . applies when a party makes only conclusory or general objections, or simply reiterates its original arguments.") To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence*, 219 F.3d at 174 (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 129 (E.D.N.Y. 2015) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

4

B.	Grafton's Objections

Grafton does not assign any specific error to any of Magistrate Brown's findings or conclusions in the Report. Indeed, Grafton does not address the issue of his failure to exhaust his administrative remedies at all. Rather, Grafton objects to the Report "because: 1. The defendant(s) fail to accept their wrong doings[;] 2. The defendant(s) refuse to accept or acknowledge their irresponsibilities as officers acting under the color of law in violation of 18 U.S.C. §§ 241 and 242[;] [and] 3. The defendant(s) has [sic] abused their power as officers of the law by acting outside of the powers in which they are bounded by to inflict pain and sufferage [sic] upon the plaintiff(s)."

As Grafton fails to make any specific timely objection to the Report, and Blaylock and Hassan have not timely filed any objections to the Report, nor sought an extension of time to do so, the Report is reviewed in its entirety only for clear error. There being no clear error on the face of the Report, the Report is accepted in its entirety. For the reasons set forth in the Report, the branch of defendants' motion seeking dismissal of plaintiffs' claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the PLRA for failure to exhaust administrative remedies is granted; plaintiffs' claims against defendants are dismissed in their entirety with prejudice for failure to exhaust administrative remedies; and Grafton's letter motion for a declaratory judgment and injunctive relief is denied.

II.	CONCLUSION

For the reasons set forth herein, the Report is accepted in its entirety. For the reasons set forth in the Report, the branch of defendants' motion seeking dismissal of plaintiffs' claims

5

against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the PLRA for failure to exhaust administrative remedies is granted; plaintiffs' claims against defendants are dismissed in their entirety with prejudice for failure to exhaust administrative remedies; and Grafton's letter motion for a declaratory judgment and injunctive relief is denied. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 27, 2017
Central Islip, New York